ESTATE OF GLENARD B. BOYD, THOMAS N. BOYD, Executor Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Boyd v. Commissioner
Docket No. 28651-81.
United States Tax Court
T.C. Memo 1983-316; 1983 Tax Ct. Memo LEXIS 471; 46 T.C.M. (CCH) 328; T.C.M. (RIA) 83316; June 6, 1983. Donald L. Wilber, for the petitioner. Matthew J. Fritz and Barbara Dalvano, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency of $84,457.02 and a late filing addition under section 6651(a) [1] of $4,222.85 in petitioner's Federal estate tax. This case is presently before the Court on respondent's motion for partial summary judgment. The issue is whether petitioner made a valid election to qualify for the special use valuation of farm property under section 2032A. Glenard B. Boyd (decedent) died on June 4, 1977. Petitioner, Thomas N. Boyd, is the executor of the Estate of Glenard B. Boyd, and petitioner's residence at the time of filing this petition was Lexington, Ill. At his death, decedent owned 120 acres of farmland in McLean County, Ill. Decedent's two sons, Thomas N. Boyd and Myron C. Boyd, inherited the 120-acre farm, each receiving a one-half interest in the farm. On the Federal estate tax return, petitioner reported a date *474 of death value of $304,000 in the farm. However, petitioner claimed a special use value under section 2032A of $90,030. In his notice of deficiency, respondent determined the election for relief under section 2032A was not filed timely and, therefore, the property must be taken into account at its fair market value. Respondent further determined the fair market value at the date of death was $384,000. The only issue raised by respondent's motion for partial summary judgment is whether petitioner is denied relief under the special use valuation provisions of section 2032A because of the late filing of the election. In order to obtain the tax relief granted under section 2032A, the executor must file an election for application for such relief, and such election must be made not later than the time prescribed by section 6075(a) for filing the estate tax return (including extensions thereof). Sections 2032A(a)(1)(B) and 2032A(d)(1). Section 6075(a) provides that an estate tax return must be filed within 9 months after the date of decedent's death, and section 6081 allows respondent to grant a reasonable extension but that no such extension shall be for more than 6 months. *475 There is no question the election herein was made later than the date the return was required to be filed. The original due date of the return was March 4, 1978, and respondent granted a 6-month extension to September 4, 1978. Petitioner did not file the estate tax return until October 12, 1978; thus, petitioner clearly made his election too late. Petitioner contends he had reasonable cause for filing late. Decedent's brother, George Boyd, filed a will contest claiming a right to a portion of the farm. Since the will contest was settled on October 4, 1978, (after the due date for filing), petitioner was unable to ascertain the identity of those persons acquiring an interest in the property who are required to consent to certain conditions. See sec. 2032A(d)(2). Thus, petitioner argues he had reasonable cause for failure to comply with the statute. Even if petitioner established reasonable cause, we could not grant petitioner the relief he seeks. Section 2032A was adopted to give estate tax relief to farmers and other small businesses. The election to apply for such relief is for the benefit of the taxpayer, and he is granted relief only if he complies with the statutory *476 requirements. Having so failed, the statutory election is not available herein. In accord, Teubert v. United States, an unreported case ( D. Minn. 1983, 51 AFTR 2d par. 148, 574, 83-1 USTC par. 13,513); see also . See secs. 20.2032A-8(a)(3) and (b), Estate Tax Regs. Our position is supported by a line of cases which deal with the election requirements under section 2032. That section provides tax relief in the form of allowing the executor to elect an alternate valuation date instead of the date of death. The election requirements of section 2032(c) are substantially the same as those of section 2032(d)(1) as it read on the date relevant to petitioner's election. Cases interpreting this section have consistently held that the failure to file the estate tax return before the due date or the extended due date precludes the alternate valuation election. See ; ; ; . *477 As we stated in : The opportunity to elect to value property of a decedent's estate as of one year after the decedent's death is one "of legislative grace" and therefore must be made in the manner and in the time prescribed by Congress. Moreover, cases under section 2032(c) have held there is no "reasonable cause" exception to that section's requirements. , affirming a Memorandum Opinion of this Court; Estate of Fisk v. Commissioner, a Memorandum Opinion of this Court, revd. on other grounds, ; In 1981, Congress amended section 2032A(d)(1) to allow the election to be made on the first estate tax return, whether or not the return is timely filed. Economic Recovery Tax Act of 1981, Pub. L. No. 97-34, section 421(j)(3). However, this amendment is expressly made applicable only to estates of decedents who died after December 31, 1981. Id., sections 421(k)(1). Therefore, petitioner clearly is not permitted to benefit by this change in the law. *478 Petitioner wants to argue facts concerning the failure of the Service to deny timely a second request for extension to file. Approximately three weeks before the expiration date of the first extension, petitioner applied for a second extension. Seven days after the expiration date, respondent denied petitioner's second application. Petitioner contends respondent is under an obligation to give reasonable notice of his denial. There is no support for this position; respondent is under no such duty. The only duty involved in this case is petitioner's duty to file the election on time. This he has failed to do. We agree the result herein is harsh. This view is obviously shared by Congress which enacted legislation to alleviate the problem. However, as the statute reads in the year of decedent's death, petitioner is entitled to no such relief. Accordingly, respondent's motion will be granted. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue.↩